IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **C.C., through his natural mother and guardian, MELANIE GINNEVER,**     **Plaintiff,** v. **SUZUKI MOTOR OF AMERICA, INC.**     Serve: Jerry Hashimura           3251 East Imperial HWY           Brea, CA 92621 **and** **SUZUKI MANUFACTURING OF AMERICA CORPORATION**     Serve:  Bruce C. McCall           1180 W. Peachtree St. NW           Atlanta, GA 30165     **Defendants.** | Case No. 4:16-cv-1271 **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff C.C., for his Complaint against Defendant Suzuki Motor of America, Inc., makes the following allegations:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff C.C. a minor child, is a citizen and resident of the state of Missouri. Melanie Ginnever is the mother and natural guardian of Plaintiff C.C. and brings this suit on his behalf.

2. Defendant Suzuki Motor of America, Inc. ("Defendant Suzuki") is a California Corporation with its principal place of business in California.  At all relevant times, Defendant Suzuki designed, manufactured, sold, or distributed all-terrain vehicles ("ATVs"), including the

1

2013 Suzuki KingQuad ATV, VIN 5SAAK4CAAD7100094 ("the subject ATV"), at issue in this lawsuit.

3. Defendant Suzuki Manufacturing of America, Corp. ("Defendant Suzuki Manufacturing") is a Georgia Corporation with its principal place of business in Georgia. At all relevant times, Defendant Suzuki Manufacturing designed, manufactured, sold, or distributed all-terrain vehicles ("ATVs"), including the subject ATV at issue in this lawsuit.

4. Defendants are subject to personal jurisdiction in Missouri. Defendants are authorized to conduct business in Missouri, conduct substantial and continuing business in Missouri, derive substantial economic profits from Missouri, and committed a tortious act in Missouri.

5. Jurisdiction is proper in this Court because there is complete diversity under 28 U.S.C. § 1332.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

7. On July 19, 2015, C.C. was driving the subject ATV near Silva, Missouri.

8. The subject ATV was designed, manufactured, sold, or distributed by Defendants.

9. As C.C. drove the subject ATV up an embankment, he lost control of the vehicle. He gripped the subject ATV's handlebars to keep from being thrown from the vehicle.

10. When he grasped the left handlebar, the left rubber handlebar grip slipped off, exposing the metal handlebar.

11. The subject ATV continued to fall onto its left side. C.C. was able to hold on, and the subject ATV pinned him to the ground—and the circular end of the exposed left handlebar impaled C.C.'s left leg, severing his femoral artery.

12. C.C. laid on the ground, slipping in and out of consciousness, until help arrived. The handlebar remained embedded in his left leg.

13. C.C. was taken by ambulance to Poplar Bluff Regional Hospital where he was emergently airlifted to Cardinal Glennon Children's hospital in St Louis. He remained there for over two months.

## COUNT I
## STRICT PRODUCT LIABILITY
## DEFENDANTS SUZUKI & SUZUKI MANUFACTURING

14. Plaintiff incorporates the above allegations as though fully set forth herein.

15. The subject ATV was designed, manufactured, assembled, sold, and distributed by Defendants, in the regular course of their business.

16. Both at the time of time of sale by Defendants and at the time of C.C.'s injuries the subject ATV was in a defective condition and was unreasonably dangerous when put to its reasonably anticipated use in that:

   a. Defendants failed to adequately secure or fasten the subject ATV's rubber handlebar grips to the handlebars;

   b. Defendants failed to design the subject ATV such that its rubber handlebar grips would not slip off under foreseeable conditions or normal use;

   c. Defendants failed to apply appropriate adhesives or mechanical securing devices to attach the rubber handlebar grips to the handlebars;

3

    d. Defendants utilized the interference fit method of securing the handlebar grip to the handlebar;

    e. Defendants utilized the interference fit method of securing the handlebar grip to the handlebar while choosing inappropriately sized handlebars and grips;

    f. Defendants failed to adequately test the subject ATV to determine the hazards presented by the vehicle and the methods to avoid said hazards;

    g. Defendants failed to adequately warn of the hazards presented by the subject ATV;

    h. Defendants failed to warn, instruct or direct users of the potential that the subject ATV's rubber handlebar grips could slip off its handlebars;

    i. Defendants failed to present or employ methods to avoid hazards presented by the subject ATV; and

    j. Such further defects as the discovery and evidence will reveal.

17. The defective and unreasonably condition of the subject ATV existed at the time the vehicle was designed, manufactured, distributed and/or sold by the Defendants. At the time of the occurrence, the subject ATV was in substantially the same condition as when designed, manufactured, distributed or sold.

18. The subject ATV was used on July 19, 2015 in a manner reasonably anticipated, and the use of the subject ATV was reasonably foreseeable by Defendant.

19. The defects as described above directly caused or contributed to cause C.C.'s injuries.

20. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject ATV, Plaintiff C.C. sustained severe, disabling and permanent personal

4

injuries.  He has undergone multiple surgical procedures, physical rehabilitation therapy, and has been caused to suffer fear, mental anguish, stress, pain suffering, anxiety, and loss of enjoyment of life.

21. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject ATV, Plaintiffs has been caused to undergo reasonable and necessary medical, surgical and physical therapy care and treatment and has incurred expenses for said treatment and will be caused to undergo addition treatment in the future and incur the costs associated therewith.

22. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject ATV, Plaintiff's ability to labor and earn wages has been and will continue to be lost, diminished, and/or impaired.

23. The aforesaid misconduct of Defendants constituted an indifference to or conscious disregard for the safety of Plaintiff and others thus justifying and requiring an award of punitive damages to be assessed against them in a sum that will deter them and others from such misconduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendants for a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00), for punitive damages, their costs herein incurred, and for any other relief as this Court deems just and proper under the circumstances.

## COUNT II
## NEGLIGENCE
## DEFENDANTS SUZUKI & SUZUKI MANUFACTURING

24. Plaintiff incorporates the above allegations as though fully set forth herein.

25. Defendants had a duty to exercise reasonable care in designing, manufacturing, marketing, supplying, selling, leasing, or otherwise distributing and placing in the stream of commerce ATVs, including the 2013 Suzuki KingQuad ATV, VIN 5SAAK4CAAD7100094 ("the subject ATV"), at issue in this lawsuit.

26. Defendants designed, manufactured, assembled, sold, and distributed the subject ATV in the regular course of business.

27. Defendants failed to exercise ordinary care thereby breaching its duty to Plaintiff and to others in one or more of the following ways:

   a. Defendants negligently and carelessly designed, manufactured, distributed and/or sold a defectively designed an unreasonably dangerous ATV;

   b. Defendants negligently and careless failed to adequately secure or fasten the subject ATV's rubber handlebar grips to the handlebars;

   c. Defendants negligently and carelessly failed to design the subject ATV such that its rubber handlebar grips would not slip off under foreseeable conditions;

   d. Defendants negligently and carelessly failed to apply appropriate adhesives or mechanical securing devices to attach the rubber handlebar grips to the handlebars;

   e. Defendants negligently and carelessly utilized the interference fit method of securing the handlebar grip to the handlebar;

f.  Defendants utilized the interference fit method of securing the handlebar grip to the handlebar while negligently and carelessly choosing inappropriately sized handlebars and grips;

g.  Defendants negligently and carelessly failed to adequately test the subject ATV to determine the hazards presented by the vehicle and the methods to avoid said hazards;

h.  Defendants negligently and carelessly failed to adequately warn of the hazards presented by the subject ATV;

i.  Defendants negligently and carelessly failed to warn, instruct or direct users of the potential that the subject ATV's rubber handlebar grips could slip off its handlebars;

j.  Defendants negligently and carelessly failed to present or employ methods to avoid hazards presented by the subject ATV; and

k.  Such further acts of negligence as discovery and the evidence will reveal.

28.  Defendants knew or reasonably should have known that death or severe bodily injury was substantially likely to occur as a result of its acts and omissions as described above.

29.  The conduct as described above directly caused or contributed to cause Plaintiff's injuries.

30.  As a direct and proximate result of the defective and unreasonably dangerous condition of the subject ATV, Plaintiff C.C. sustained serious personal injuries.  He has undergone multiple surgical procedures, physical rehabilitation therapy, and has been caused to suffer fear, stress, pain and anxiety.

31. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject ATV, Plaintiff has been caused to undergo reasonable and necessary medical, surgical and physical therapy care and treatment and has incurred expenses for said treatment and will be caused to undergo addition treatment in the future and incur the costs associated therewith.

32. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject ATV, Plaintiff's ability to labor and earn wages has been and will continue to be lost, diminished, and/or impaired.

33. The aforesaid misconduct of Defendants constituted an indifference to or conscious disregard for the safety of Plaintiff and others thus justifying and requiring an award of punitive damages to be assessed against them in a sum that will deter them and others from such misconduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendants for a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00), for punitive damages, his costs herein incurred, and for any other relief as this Court deems just and proper under the circumstances.

**THE SIMON LAW FIRM, P.C.**

By:   /s/ Timothy M. Cronin
John G. Simon, #35321MO
Timothy M. Cronin, #63383MO
John M. Simon, #68393MO
800 Market Street, Suite 1700
St. Louis, MO 63101
Telephone:  314-241-2929
jsimon@simonlawpc.com
tcronin@simonlawpc.com
jmsimon@simonlawpc.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing was served via electronic filing on this 4th day of August, 2016 to all counsel of record.

                                                  /s/ Timothy M. Cronin