UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.C., through his natural mother and guardian, MELANIE GINNEVER, | ) ) ) |
| Plaintiff(s), | ) ) |
| v. | ) No. 4:16CV01271 ERW ) |
| SUZUKI MANUFACTURING OF AMERICA CORPORATION, et al., | ) ) ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff C.C.'s Motion to Strike Defendant's Objections and to Compel Responses to Plaintiff's Second Set of Written Discovery [62]. In his motion, Plaintiff seeks to strike general and boilerplate objections lodged by Suzuki Manufacturing of America Corporation ("SMAC") and to compel responses to Plaintiff's Second Set of Interrogatories numbers 2 through 6, and Plaintiff's Second Set of Requests for Production of Documents numbers 1, 4-6, 9-17, 19-20, 23-29, 32, 34, and 36-39.

Federal Rule of Civil Procedure 37(a)(1) requires the parties to confer, or attempt to confer, in good faith prior to the filing of a motion to compel. This is reiterated in Local Rule 37-3.04 which requires movant's counsel to confer in good faith or make reasonable efforts to do so. The requirement to confer in good faith is important to narrow the issues presented to the Court and to eliminate unnecessary motion practice. It is not an empty formality. *See Williams v. Cent. Tr. Intern., Inc.*, No. 4:13-CV-2009 (CEJ), 2014 WL 6463306 at *2 (E.D. Mo. Nov. 17, 2014). In this case, Plaintiff's counsel did not make a food faith attempt to confer with defense counsel. When Plaintiff's counsel was informed SMAC's lead counsel, Carl Pesce, was unavailable due

to an unexpected personal matter, Plaintiff's counsel filed the pending motion rather than attempt to schedule a different time to confer over the issues. Therefore, the Court will deny Plaintiff's motion, without prejudice, to be refiled once the parties have had a chance to meet and confer over the issues. Further, the Court instructs the parties to follow the procedure outlined in the Case Management Order to schedule a telephone conference prior to filing a motion to compel. Hopefully, these measures can resolve the issues without requiring further briefing.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff C.C.'s Motion to Strike Defendant's Objections and to Compel Responses to Plaintiff's Second Set of Written Discovery [62] is **DENIED**, without prejudice.

Dated this 14th Day of November, 2017.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE