**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| C.C., through his natural mother and guardian, MELANIE GINNEVER, | ) ) ) | |
| Plaintiff(s), | ) ) | |
| v. | ) ) | No. 4:16CV01271 ERW |
| SUZUKI MANUFACTURING OF AMERICA CORPORATION, et al., | ) ) ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Suzuki Manufacturing of America

Corporation and Suzuki Motor Corporation's Motion for Protective Order Regarding Plaintiff's

Rule 30(b)(6) Notice of Deposition of Non-Party Suzuki Motor of America, Inc. [78] and

Defendant Suzuki Motor Corporation's Motion for Protective Order Regarding Plaintiff's First

Set of Request for Admissions Directed to Defendant Suzuki Motor Corporation [79].

**I.      BACKGROUND**

On August 4, 2016, Plaintiff C.C., through his natural mother and guardian, Melanie

Ginnever, ("Plaintiff") filed a complaint in this Court against Suzuki Motor of America, Inc.

("SMAI") and Suzuki Manufacturing of America Corporation ("SMAC"). Plaintiff was injured

when an ATV he was driving rolled over on top of him. Plaintiff alleges the subject ATV,

designed, manufactured, assembled, sold, and distributed by SMAI and SMAC, was in a

defective condition and was unreasonably dangerous, and SMAI and SMAC were negligent in

designing, manufacturing, distributing, and selling the ATV. On June 21, 2017, Plaintiff filed an

amended complaint removing SMAI as a defendant and adding Suzuki Motor Corporation

("SMC"). On December 20, 2017, this Court entered an amended case management order which closed discovery between Plaintiff and SMAC and set a deadline of April 30, 2018, to complete discovery with SMC. Defendants SMAC and SMC ("Defendants") filed the pending motions asserting Plaintiff is extending discovery outside of the deadlines in the case management order, is seeking more depositions than allowed by the Federal Rules of Civil Procedure ("FRCP"), and served requests for admissions which have no purpose but to harass and oppress SMC and subject it to undue burden and expense.

## II.    STANDARD

Rule 26(c)(1) of the Federal Rules of Civil Procedure authorizes a court to issue orders concerning discovery to protect parties from "annoyance, embarrassment, oppression, or undue burden or expense" on a showing of good cause. "Although the federal rules permit liberal discovery, it 'is [to be] provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984)). "Because of liberal discovery and the potential for abuse, the federal rules 'confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.'" *Id*. (quoting *Seattle Times*, 467 U.S. at 36). The moving party has the burden to demonstrate good cause for issuance of the protective order and his claim of harm is based on more than stereotypical and conclusory statements. *Id*. at 926 (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

## III.    DISCUSSION

### A.    *30(b)(6) Deposition*

Defendants SMC and SMAC request the Court enter a protective order prohibiting

Plaintiff from deposing SMAI through a FRCP 30(b)(6) deposition. Defendants argue Plaintiff

has already taken the ten depositions as allowed by the FRCP, the request is outside of the

discovery deadlines set in the amended case management order, it will cause undue burden and

expense, and the request is overbroad and seeks irrelevant information. In response, Plaintiff

argues defense counsel did not meaningfully meet and confer, there is no reason why the

deposition should not be taken, Plaintiff has only taken six fact depositions, and the notice is

limited and proportional to the needs of the case.

FRCP 26(a)(2) requires a party to obtain leave of court if the deposition request would

result in more than ten depositions being taken by the party. In this case, Plaintiff has taken six

depositions of fact witnesses and four depositions of experts. There is not clear case law on

whether expert depositions are included in the ten deposition limit in the FRCP. *See C & C*

*Jewelry Mfg., Inc. v. West*, No. C09-01303 JF (HRL), 2011 WL 767839 at *1 (N.D. Cal. Feb. 28,

2011) (not including expert depositions in the ten deposition limit). The Court need not

determine if expert depositions are included in the FRCP limit because Plaintiff's request for one

additional deposition is proportional to the needs of the case and is reasonable.

However, the Court agrees with Defendants the deposition is outside the discovery

deadlines set forth in the amended case management order. The Court limited additional

discovery to SMC and Plaintiff, not third-parties. However, due to the limited purpose of the

deposition and the relevance of the information sought to Plaintiff's case, the Court will permit

Plaintiff to take the deposition outside the discovery deadlines. In the future, Plaintiff shall seek

leave of the Court, as required by the FRCP, before issuing subpoenas outside the discovery

deadlines. Plaintiff shall also pay for the reasonable travel costs incurred by Defendants for the

additional deposition and the cost of the transcript being provided to Defendants. Further, the

Court will limit the deposition to 90 minutes.

Finally, the Court will limit the topics listed in the deposition notice because some of the information sought is overbroad and irrelevant. Plaintiff shall limit the information sought to time periods when SMAI is in existence. Plaintiff shall also issue a new notice limiting what is included as a substantially similar ATV, as three-wheelers are not substantially similar to the four-wheeler subject ATV at issue in this case. Any topics in the notice which list "the Subject ATV or any Suzuki ATV" shall be limited to the subject ATV or substantially similar ATVs. The Court expects the parties to confer as to what information Plaintiff needs to further limit the information requested to ensure the deposition is efficient and productive. For the above stated reasons, the Court will grant, in part, and deny, in part, Defendants' Motion for Protective Order.

*B.      Requests for Admissions*

Defendant SMC seeks a protective order limiting Plaintiff's First Set of Request for Admissions Directed to Defendant SMC. According to SMC, the requests are redundant and harassing and the answers have already been provided in corporate disclosures or other discovery. Further, SMC claims many of the requests are disputed issues not appropriate for a request for admission and would require defense counsels' conclusions which are protected as work-product. Plaintiff argues the requests are not excessive or burdensome because of the simplicity of the requests and any requests regarding the absence of evidence are to seek to rebut SMC's counterfactual and speculative defense.

The purpose of requests for admissions is to narrow the issues and to provide notice of the facts in dispute. *See Nat'l Indep. Truckers Ins. Co. v. Gadway*, No. 8:10CV253, 2011 WL 5554802 at *1 (D. Neb. Nov. 15, 2011). It is not to discover additional information, but to force the opposing party to admit the truth of certain facts. *Id*. "Requests to admit are proper when they

4

are used to establish facts or the application of law to facts but not to establish legal conclusions." *U.S. S.E.C. v. Nutmeg Grp, LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012). "A request for admission may relate to (1) facts, or statements or opinions about the facts; (2) the application of law to fact, or statements or opinions about the application of law to fact; or (3) the genuineness of any described documents." *Margulis v. Euro-Pro Operating, LLC*, No. 4:12-CV-2371 CAS, 2013 WL 5442702 at *3 (E.D. Mo. Sep. 30, 2013).

The Court has reviewed each of the 79 requests for admissions. The Court will not issue a protective order stating SMC does not need to answer any of the requests, because many of them are simple, comply with the Federal Rules, are readily admitted or denied, and are not burdensome for SMC to answer. SMC's argument a protective order should be issued because many of the requests for admissions concern issues and facts in dispute is unpersuasive. One of the purposes of requests for admissions is to provide notice of the facts in dispute. However, there are many requests outside of the scope of a request for admission. SMC will not be required to answer any requests that require legal conclusions or ask for admissions that certain testimony was stated in a deposition. SMC is not required to answer the following requests: 19, 40, 42, 48, 50, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, and 79. SMC shall respond to the remaining requests for admissions within seven days of this order. SMC's Motion will be granted, in part, and denied, in part.

The Court is not unaware of the unprofessional commentary included in briefs filed in this case. The Court expects all counsel to follow the rules of professional conduct, the local rules, and the Federal Rules of Civil Procedure. The Court also expects counsel to work together to accomplish the spirit of the rules, including conferring in *good faith* prior to filing discovery motions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Suzuki Manufacturing of America

Corporation and Suzuki Motor Corporation's Motion for Protective Order Regarding Plaintiff's

Rule 30(b)(6) Notice of Deposition of Non-Party Suzuki Motor of America, Inc. [78] is

**GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendant Suzuki Motor Corporation's Motion for

Protective Order Regarding Plaintiff's First Set of Request for Admissions Directed to Defendant

Suzuki Motor Corporation [79] is **GRANTED, in part,** and **DENIED, in part**.

Dated this 13th Day of February, 2018.

_E. Richard Webber_

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE