UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| C.C., through his natural mother and guardian, MELANIE GINNEVER, | ) ) ) | |
| Plaintiff(s), | ) ) | |
| v. | ) ) | No. 4:16CV01271 ERW |
| SUZUKI MANUFACTURING OF AMERICA CORPORATION, et al., | ) ) ) ) | |
| Defendant(s). | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Compel and for Sanctions [97].

This case was filed in the Eastern District of Missouri on August 4, 2016. Since its filing the Court has decided a motion for a protective order for Plaintiff's amended Rule 30(b)(6) deposition notice [ECF No. 28] filed by Defendant Suzuki Manufacturing of America Corporation ("SMAC"), a motion to compel [ECF No. 62] filed by Plaintiff, a motion for protective order regarding Plaintiff's Rule 30(b)(6) notice of Suzuki Motor of America, Inc. [ECF No. 78] filed by Defendants SMAC and Suzuki Motor Corporation ("SMC"), a motion for protective order about Plaintiff's first set of requests for admissions to SMC, and two telephone conferences on discovery issues. Additionally, the parties have amended the case management order twice to accommodate the issues with discovery.

Now pending before the Court is Plaintiff's Motion to Compel and for Sanctions. Plaintiff asks the Court to strike Defendants' pleadings, order the case proceed to trial on damages only, compel Defendants to produce any and all documents pertaining to the August

2013 glue change, and compel SMC to produce a corporate representative in Plaintiff's counsel's office for a deposition prior to trial.

Plaintiff argues he has asked for documents on any testing related to the way the handlebar grip is secured to the handlebars and no testing documents were ever produced by Defendants. According to Plaintiff, Defendants repeatedly asserted there were no testing documents to produce. Then, seven pages of emails were produced to Plaintiff, in Japanese. One of the emails, from SMC to SMAC, stated "the design department has made a decision that there will be no problems with the switchover based on the results below . . ." and included an attachment titled "Adhesive Performance Confirmation Results." Defendants have also added a witness who, according to Plaintiff, is coming to trial to discuss "endurance and performance testing."

Defendants assert Plaintiff misunderstands the emails. According to Defendants, the "results" mentioned in the email refer to testing on prototypes of ATV Models XC907, XC907-P, XC887F, and XC887AF to evaluate the potential use of the new glue. Defendants argue they have complied with all discovery requests and orders of the Court, and have produced all testing documents which currently exist.

The Court will withhold ruling on monetary sanctions at this time. It is clear Plaintiff asked for documents related to testing of the glue multiple times and the discovery was not timely disclosed. Plaintiff's First Request for Production of Documents to SMAC contains the following requests: (5) "All documents and materials that relate to the design and manufacture of the handlebar grips on substantially similar ATVs that were designed or manufactured within the last 10 years."; (7) "All documents and materials that describe or explain the process by which the handlebar grips are attached, secured, glued, adhered to, or otherwise fastened to the

handlebars of a Suzuki KingQuad ATV."; (9) "All documents and materials related to any testing performed on the handlebars of substantially similar ATVs that were designed or manufactured within the last 10 years."; (11) "All documents and materials related to any testing performed on the handlebar grips of substantially similar ATVs that were designed or manufactured within the last 10 years."; (18) "All documents and materials that reflect any design changes implemented or considered to the handlebars and handlebar grips of substantially similar ATVs that were designed or manufactured within the last 10 years." There are many more requests similar to these made by Plaintiff related to testing of the handlebar grips.

The Court understands Plaintiff now has at least some of the requested discovery. If Defendants have any other documents or information related to the requests, Defendants shall disclose all such documents and information pertaining to the August 2013 glue change within ten days of this order. This is not limited to comparison testing between the two types of glue.

Due to the untimeliness of Defendants' disclosure and what the Court perceives as Defendants' intentional non-disclosure of requested information, the Court will permit Plaintiff to take a 30(b)(6) deposition of SMC in Japan. Defendants shall pay for the costs of the deposition, including travel, accommodations, and attorneys' fees for two attorneys for Plaintiff, and the costs of an interpreter or interpreters and a court reporter. Plaintiff shall arrange for such court reporter and interpreter or interpreters. The Court will not strike Defendants' pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel and for Sanctions [97] is **GRANTED, in part,** and **DENIED, in part**. The Court will revisit the motion for sanctions, subsequently.

Dated this 20th Day of June, 2018.

*E. Richard Webber*

———————————————
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE