UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.C., through his natural mother and guardian, MELANIE GINNEVER, | ) ) ) |
| Plaintiff(s), | ) ) |
| v. | ) No. 4:16CV01271 ERW ) |
| SUZUKI MANUFACTURING OF AMERICA CORPORATION, et al., | ) ) ) ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Suzuki Manufacturing of America Corporation and Suzuki Motor Corporation's Motion in Limine to Exclude Evidence of Other Unrelated Accidents, Claims and Lawsuits [163], Defendants' Motion in Limine to Exclude Evidence of Suzuki ATV Beyond the 2013 Model Year at Issue [164], Defendants' Motion in Limine to Exclude Evidence of Change to the 3M-4799 Glue after the Manufacture of the Subject ATV [165], Defendants' Motion in Limine to Exclude Evidence of Absence of Any Claims History with the Use of 3M-4799 [166], Defendants' Rule 42(B) Motion to Bifurcate Punitive Damages [167], Defendants' Motion in Limine to Exclude Mention of Punitive Damages Claim in Opening Statement [168], Defendants' Motion in Limine to Exclude Evidence that Defendants Should Have Conducted a Recall [169], Defendants' Motion in Limine to Exclude Reference to Discovery Issues, Disputes Hearings, or Orders [170], Defendants' Motion in Limine to Exclude Evidence of Medical Expense Charges Other than Actual Costs [171], Defendants' Motion in Limine to Preclude Argument or Comment Regarding the Absence of Corporate Representative at Trial [172], Defendants' Motion in Limine to Preclude Reference

to Future Lost Medical Expenses or to Claims of Lost Past Earnings, Lost Wages, or Lost Future Earnings Capacity [173], Defendants' Motion in Limine to Exclude Any Reference to Defendant's Size, Wealth or Financial Condition [174], Defendants' Motion in Limine to Exclude Any Reference that Tends to Promote Japanese Bias [175], Defendants' Motion in Limine to Exclude Inflammatory and Graphic Photographs [177], Defendants' Motion in Limine to Preclude Plaintiff and His Lay Witnesses from Offering Expert Medical Opinions [178], Defendants' Motion in Limine to Exclude Reference to Liability Insurance [179], and Plaintiff C.C.'s Omnibus Motions in Limine [180].

I. **Defendants Motion in Limine to Exclude Evidence of Other Unrelated Accidents, Claims and Lawsuits**

In their motion, Defendants assert Plaintiff should be excluded from mentioning, referring to or offering evidence of alleged other accidents, claims or lawsuits not substantially similar to the incident, alleged defect, and factual circumstances in this case. Specifically, Defendants refer to 6 instances: four communications by consumers claiming a grip came off their ATV during operation and two partial rotations of the grip during endurance testing of ATVs. In response, Plaintiff argues these 6 instances are admissible and should not be excluded. According to Plaintiff, Defendants used the same method and materials to adhere the handle bar grips to the handlebars of all of its ATVs, so the defect is the same in each model of ATV.

The Court will allow introduction of the two partial rotations of the grip that occurred during endurance testing. This evidence is not evidence of other accidents, claims, lawsuits, or incidents so the Court does not believe it needs to meet the substantial similarity test required by the case law.

The Court finds the four claims submitted by consumers to dealerships or to the Suzuki distributor are substantially similar to the claims at issue in this matter. Evidence of prior

accidents or incidents is relevant to show notice, causation, feasibility of correction, or magnitude of danger. *Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 637 (8th Cir. 2007). Any incidents must be similar in time, place, or circumstances to be probative. *First Sec. Bank v. Union Pacific R.R. Co.*, 152 877, 879 (8th Cir. 1998). The four claims at issue are substantially similar to the claims at issue in this matter because they all involve a grip becoming separated from the ATV handlebar, all used the same type of glue to attach the grip to the handlebar, and in each, the grip separation occurred when the ATV was being ridden by a consumer in off-road, non-paved conditions.

However, the claims constitute inadmissible hearsay. Although the claims may constitute business records, the information within the claims is hearsay without an applicable exception. The one claim sent to SMC may be introduced to show notice. This does not conflict with the hearsay rule because it will not be introduced for the truth of the matter asserted. The remaining three claims will be excluded.

II. **Defendants' Motion in Limine to Exclude Evidence of Suzuki ATV Beyond the 2013 Model Year at Issue**

In their motion, Defendants assert any evidence of ATV's or ATV designs after the 2013 model year at issue in this case should be excluded. Defendants claim this evidence is not relevant because the other models are not at issue and it will confuse the issues and mislead the jury. In response, Plaintiff argues every Suzuki ATV is manufactured and designed in the same way for the handlebars and handlebar grips, therefore, evidence of later model years is relevant and will not create juror confusion.

This Court will limit introduction of evidence of other model year ATVs to those mentioned in the claims submitted by consumers and those used in the durability testing where the grips were partially separated from the handlebars. If either party wishes to introduce

evidence of any other model of ATV, counsel shall approach the bench to get a final ruling before attempting to introduce the evidence. This motion will be granted, in part.

III. **Defendants' Motion in Limine to Exclude Evidence of Change to the 3M-4799 Glue after the Manufacture of the Subject ATV**

In their motion, Defendants assert any evidence the glue used to attach the grip to the handlebar was changed after the subject ATV was created should be excluded, because it is not relevant and highly prejudicial. In response, Plaintiff argues the evidence is relevant to prove defect, negligence and punitive damages.

This motion will be denied. Evidence of Defendants changing the type of glue used is certainly relevant to the claims at issue and the elements Plaintiff must prove. It shows Defendants knew the glue was having difficulty adhering to the grip and the handlebar; and it also shows there was an alternative glue that could be used instead of the glue used on the Subject ATV. The highly probative nature of this evidence is not outweighed by any prejudice to Defendants.

IV. **Defendants' Motion in Limine to Exclude Evidence of Absence of Any Claims History with the Use of 3M-4799**

In their motion, Defendants claim Plaintiff may argue Defendants should have used the new glue all along, because there have been no reported incidents of the grips detaching with the new glue. Defendants state any evidence of the lack of claims history with the new glue should not be admitted because it is highly prejudicial, not relevant, and infers the prior glue must have been faulty and Defendants knew it because they decided to change the glue. In response, Plaintiff argues the evidence is relevant to prove defect, negligence, and to demonstrate Defendants' ability to correct known defects.

This motion will be denied. This evidence is relevant to showing there was an alternative design that was safer than the design used on the Subject ATV and it shows the feasibility of

4

correcting the alleged defect.

## V.     Defendants' Rule 42(B) Motion to Bifurcate Punitive Damages

In their motion, Defendants ask the Court to bifurcate the punitive damages phase of the trial, because it will promote judicial economy and avoid juror confusion and prejudice to Defendants. Plaintiff does not want to bifurcate the trial, however, if the Court decides there should be bifurcation, Plaintiff believes the second trial should only determine the amount of punitive damages. Plaintiff also states if the Court decides bifurcation is appropriate, Plaintiff will not introduce any evidence of Defendants' financial information until the second trial.

This motion will be granted. The trial will be conducted in two phases. In the first phase, evidence of liability of Defendants for Plaintiff's claims and compensatory damages as well will be introduced. Punitive damages must not be mentioned in the first phase of the trial except for one question in voir dire, which has already been given to counsel. The second phase will address evidence on the issue of whether punitive damages should be granted and the amount of damages, if any. Evidence introduced in the first phase of the trial may be used to prove whether punitive damages should be granted.

## VI.    Defendants' Motion in Limine to Exclude to Exclude Mention of Punitive Damages Claim in Opening Statement

In their motion, Defendants assert any mention of punitive damages should be excluded from opening statements, because it will cause unfair prejudice, undue delay, confuse the issues, mislead the jury and waste time. In response, Plaintiff argues he should be able to make a brief statement about the purpose of punitive damages in voir dire and ask if the any jury member would have difficulty awarding these damages. Plaintiff also claims he should be able to mention punitive damages in opening statements otherwise the jurors will not know to look for the evidence and analyze it throughout the trial.

This motion will be granted. No party will be permitted to mention punitive damages in opening statement or throughout the first phase of the trial. Counsel will be permitted to ask one question about punitive damages in voir dire. That question is: If during the trial, the judge should allow the jury to consider a claim for punitive damages, is there anyone on this jury panel, who for whatever reason, would refuse to consider a claim for punitive damages?

**VII. Defendants' Motion in Limine to Exclude Evidence that Defendants Should Have Conducted a Recall**

In their motion, Defendants assert any evidence or argument Defendants should have conducted a recall of the ATVs should be excluded, because there is no cause of action for a failure to recall and it is irrelevant to whether the product was defective. In response, Plaintiff argues this evidence is relevant to his claim for punitive damages and shows Defendants' knowledge of the defect and failure to respond.

This motion will be granted. Defendants do not have any duty to conduct a recall under Missouri law. *Stanger v. Smith & Nephew, Inc.*, 401 F.Supp.2d 974, 982 (E.D. Mo. 2005). Any evidence or argument about Defendants' failure to conduct a recall or warn consumers the product was defective after the sale of the ATVs is not admissible, because it is not relevant to proving whether the Subject ATV was defective. Additionally, any minimal probative value to this evidence is outweighed by the undue prejudice to Defendants.

**VIII. Defendants' Motion in Limine to Exclude Reference to Discovery Issues, Disputes Hearings, or Orders**

In their motion, Defendants assert any evidence or statements about discovery issues, disputes, hearings or orders should be excluded because it is irrelevant and highly prejudicial to Defendants. In response, Plaintiff argues the fact Defendants intentionally withheld documents and lied about the existence of discoverable documents is relevant and admissible, because it creates a clear inference the documents are detrimental to Defendants. The Court is aware of

Defendants' behavior in document production in this case. However, the Court will hold this motion in abeyance pending a ruling from the Court on Plaintiff's Renewed Motion for Sanctions.

IX. **Defendants' Motion in Limine to Exclude Evidence of Medical Expense Charges Other than Actual Costs**

In their motion, Defendants ask the court to exclude any evidence of medical expenses other than actual costs pursuant to Missouri Revised Statute § 490.715.Plaintiff states this motion is moot because they will not be submitting any medical bills. In reply, Defendants assert evidence of actual medical costs is admissible, and any other medical expenses are not.

Because Plaintiff does not object to this motion, it will be granted.

X. **Defendants' Motion in Limine to Preclude Argument or Comment Regarding the Absence of Corporate Representative at Trial**

In their motion, Defendants ask the court to exclude any mention of the absence of a corporate representative from Suzuki at the trial. They state the probative value is outweighed by the risk of unfair prejudice to Defendants. In response, Plaintiff argues the absence of a corporate representative is relevant to punitive damages because it shows Defendants care so little about this case and the harm they caused, they cannot even show up to trial.

This motion will be granted, in part. During the first phase of the trial, Plaintiff shall not mention the absence of Defendants' corporate representatives from the trial. If Plaintiff believes it is necessary to make this argument, counsel shall approach the bench for a ruling first. In the second phase of the trial, Plaintiff may be permitted to comment on the lack of corporate representatives at trial, but Plaintiff's counsel must first approach the bench and get permission before making any reference to the absence of a corporate representative.

XI. **Defendants' Motion in Limine to Preclude Reference to Future Lost Medical Expenses or to Claims of Lost Past Earnings, Lost Wages, or Lost Future Earnings Capacity**

In their motion, Defendants ask the court to preclude any reference to lost future medical expenses, future earnings, or earnings capacity. Plaintiff does not oppose this motion. This motion will be granted.

## XII. Defendants' Motion in Limine to Exclude Any Reference to Defendant's Size, Wealth or Financial Condition

In their motion, Defendants assert the Court should exclude any mention of Defendants' size, wealth, or financial condition because it is more prejudicial than probative and it is irrelevant. They also argue there should not be any statements made about Plaintiff's lack of wealth. Plaintiff asserts financial information will have to be introduced in support of punitive damages. This motion will be granted as to the first phase of the trial. In the second phase of the trial, Plaintiff may introduce this evidence to establish the amount of punitive damages.

## XIII. Defendants' Motion in Limine to Exclude Any Reference that Tends to Promote Japanese Bias

In their motion, Defendants assert the Court should exclude any references that promote Japanese bias including the value of the YEN, perceived trade imbalance between the United States and Japan, World War II, atomic bombs, Pearl Harbor, and the Tokyo Stock Market. In response, Plaintiff states he has no intention of promoting racial or cultural bias. He asserts it is unavoidable to mention Suzuki is a Japanese company because many of the documents and depositions need to be translated from Japanese to English.

This motion will be granted. The parties may mention to the jury that Defendant SMC is a Japanese Company and that some of the documents will contain Japanese language. The Court will not permit any comments that promote Japanese bias.

## XIV. Defendants' Motion in Limine to Exclude Inflammatory and Graphic Photographs

In their motion, Defendants ask the Court to exclude any inflammatory or graphic photographs of Plaintiff's injuries. Defendants claim these photos are irrelevant and cumulative

because Plaintiff can offer other evidence of his injuries. In response, Plaintiff asserts these photographs are necessary because Defendants are disputing the nature and extent of Plaintiff's injuries.

This motion will be held in abeyance and final rulings will be determined at the time of submission of the photographs.

## XV. Defendants' Motion in Limine to Preclude Plaintiff and His Lay Witnesses from Offering Expert Medical Opinions

In their motion, Defendants assert the Court should not allow any testimony from Plaintiff or his lay witnesses about medical opinions, specifically Plaintiff's Post-Traumatic Stress Disorder, emotional distress, depression or anxiety. Defendants argue this testimony is only permitted for experts. Plaintiff claims lay witnesses can testify to any symptoms they observed personally.

This motion will be granted. Lay witnesses, including Plaintiff, may not testify about the medical causation or diagnoses of Plaintiff's injuries. Lay witnesses may testify about their personal observations of Plaintiff's symptoms and behavior. No witness will be permitted to testify as to what a doctor or other medical professional told the witness about Plaintiff's injuries and medical condition.

## XVI. Defendants' Motion in Limine to Exclude Reference to Liability Insurance

In their motion, Defendants ask the Court to exclude any reference or evidence of liability insurance. Plaintiff does not contest this motion. This Motion will be granted.

## XVII. Plaintiff C.C.'s Omnibus Motions in Limine

### 1. Fault of Non-Parties

In his first motion, Plaintiff asserts the Court should exclude any evidence concerning the fault of non-parties that contributed to the accident such as Plaintiff's Aunt, Uncle and Cousin.

Plaintiff claims this evidence and argument is not allowed under Missouri law and Defendants failed to plead the fault of non-parties as an affirmative defense which prevents them from raising it at trial. Defendants assert they can argue fault of non-parties to exonerate themselves of all liability.

This motion will be granted. Defendants have already stated in filings with the Court and through expert reports that Plaintiff is at fault in this matter. Therefore, Defendants cannot also make a sole cause argument as to a third-party. Defendants may introduce evidence of Plaintiff's fault but not of any third parties.

### 2. C.C.'s arrest as a juvenile

In his motion, Plaintiff asks the Court to exclude evidence of C.C.'s arrest as a juvenile for stealing an item from Wal-Mart, because this evidence is irrelevant, prejudicial and inadmissible. In response, Defendants state this evidence is relevant to the issue of Plaintiff's alleged pain and suffering and failure to mitigate damages.

This motion will be granted. Evidence of an arrest is generally inadmissible. *Ladd v. Pickering*, 783 F.Supp.2d 1079, 1089 (E.D. Mo. 2011). There is no admissible purpose to this evidence. It is character evidence, not relevant to the issues at trial, and highly prejudicial to Plaintiff.

### 3. C.C.'s use of cigarettes and marijuana – implications of substance abuse

In his motion, Plaintiff asks the Court to exclude evidence of C.C.'s use of cigarettes and marijuana. Plaintiff states this evidence had no part in causing the accident and is prejudicial to Plaintiff. In response, Defendants state this evidence is relevant to the issue of Plaintiff's alleged pain and suffering. Defendants claim Plaintiff's social worker told him to stop smoking marijuana because it would exacerbate his depression which goes to the issue of failure to

mitigate damages.

This motion will be granted. Under Federal Rule of Evidence 403, the probative value of this evidence is outweighed by the prejudice to Plaintiff. This evidence may lead the jury to believe Plaintiff is simply a bad kid and undeserving of a damages award.

4. **Evidence or argument about warnings**

In his motion, Plaintiff asserts the Court should exclude evidence or argument about warnings on the subject ATV. Plaintiff argues there are no longer any claims about warnings so the evidence is irrelevant and there were no warnings on the ATV about the grips coming off. In response, Defendants argue the warnings and instructions are part of the overall design of the ATV and are admissible to prove Plaintiff's misuse of the vehicle.

This motion will be granted. The Court has dismissed Plaintiff's warning claims. The warnings on the ATV do not address the separation of the grip from the handlebar. Therefore, there is no longer a relevant purpose to this evidence. *See Rogers v. Toro Mfg. Co.*, 522 S.W.2d 632, 637-38 (Mo. Ct. App. 1975).

5. **Tampering, modifying or replacing grips**

In his motion, Plaintiff asserts the Court should exclude evidence or argument that there was tampering, modification or replacement of grips, or that lubrication was put on the grips prior to the accident. In response, Defendants assert this motion is a repeat of Plaintiff's Daubert motion which has already been denied.

This motion will be denied. Evidence the grips have been tampered with is probative of whether the ATV was defective. Defendants will be permitted to introduce evidence of grip tampering but may not state it was Plaintiff or a member of Plaintiff's family who did the tampering as there is no evidence to support this conclusion and it is highly prejudicial to

11

Plaintiff. If there is evidence to support a conclusion Plaintiff or his family tampered with the grip, counsel shall approach the bench for a ruling before introducing the evidence.

6. **Insurance**

In his motion, Plaintiff asks the Court to exclude any statements made to the insurance company after the accident by Plaintiff or family members. Plaintiff states Defendants can certainly cross-examine a witness about a prior inconsistent statement but should not indicate the statements were made to the insurance company because it injects the issue of insurance into the case. In their response, Defendants assert these statements are relevant because Plaintiff has previously asserted his aunt and uncle were at fault for the same injuries and accident that he is now claiming is the fault of Defendants.

This motion will be granted. The Court will not permit evidence suggesting a third party is at fault for the injuries to Plaintiff for the reasons stated above in the first of Plaintiff's motions in limine.

7. **Impalement**

In his motion, Plaintiff asks the Court to prohibit Defendants from asserting Plaintiff was impaled by something other than the handlebar. According to Plaintiffs, an EMT says that Plaintiff's aunt and uncle told her Plaintiff may have been impaled by the handlebar or the foot peg. Plaintiff argues this testimony is speculation, the EMT has no personal knowledge of what occurred during the accident and the statements are hearsay. Defendants assert this testimony will be introduced to show conflicting accounts of the accident, not to prove the truth of the matter asserted.

This motion will be granted. The statements made to the EMT are hearsay, and no hearsay exception applies. Additionally, even if not being used for the truth of the matter

asserted, this statement is unreliable and based entirely on speculation. The EMT testified in her deposition that she did not know who told her the statement or if it was even told to her. The evidence is also not relevant. Whether or not Plaintiff as impaled by the handlebar is at issue in this case. There is no evidence suggesting some part other than the handlebar hit, and possibly impaled, Plaintiff.

### 8. "Rule Follower"

In his motion, Plaintiff asks the Court to exclude evidence or argument Plaintiff is not a "rule follower." Plaintiff asserts this is improper character evidence and not relevant to the case. Defendants argue Plaintiff has put his behavior directly at issue because he is claiming his behavior has changed since the accident so any evidence establishing what he was like before the accident is relevant.

This motion will be granted. This is classic character evidence that is not permitted by Federal Rule of Evidence 404(b). The credibility of a witness cannot be attacked by showing that his general moral character is bad. *State v. Adams*, 51 S.W.3d 94, 101 (Mo. Ct. App. 2001).

### 9. Settlement with Non-Party

In his motion, Plaintiff asks the Court to exclude any evidence or testimony about Plaintiff's settlement with a non-party, specifically his aunt and uncle's homeowner's insurance company. Defendants assert these statements are relevant because Plaintiff has previously asserted his aunt and uncle were at fault for the same injuries and accident that he is now claiming is the fault of Defendants.

This motion will be granted. For the same reasons the Court granted Plaintiff's first motion in limine, this evidence will also be excluded. The fault of third parties is not admissible.

### 10. Daubert Challenges

In his motion, Plaintiff asks the Court to exclude any mention of the parties' Daubert challenges, because the facts and arguments within the challenges are irrelevant, inadmissible, and purely legal issues. Defendants have no objection to preventing testimony that there were Daubert challenges. This motion will be granted.

As the parties agree and there is no objection to this motion, it will be granted.

11. **Collateral Source**

In his motion, Plaintiff asks the Court to exclude any evidence of collateral sources from medical insurance pursuant to Missouri law. Defendants state they want to introduce the amount of actual dollars paid for Plaintiff's care because his injuries are at issue and he is seeking damages for pain and suffering from his crash, medical treatment, and follow-up medical care.

This motion will be granted. Both parties stated they have no intention to introduce evidence of medical insurance.

12. **Medical Bills**

In his motion, Plaintiff asks the Court to exclude any evidence of medical bills because there is no claim for past or future medical bills and the probative value of such evidence is outweighed by the unfair prejudice to Plaintiff. Defendants argue this evidence shows the nature and extent of Plaintiff's injuries so it should be admissible.

This motion will be granted. The cost of medical care has no basis in determining the pain and suffering an individual has experienced. "The price tag of treatment does not tend to prove or disprove anything about the nature and extent of injuries, save what it has cost to treat them, which is not recoverable." *Johnson v. Union Pacific R.R. Co.*, No. 8:05CV373, 2007 WL 2914886 at *6 (D. Neb. Oct. 4, 2007).

13. **Cause of the Accident**

In his motion, Plaintiff asks the Court to revisit its determination this is not an enhanced injury case. Plaintiff asserts the Court's reasoning for its decision is flawed. Defendants assert Plaintiff's argument is a rehashing of his arguments raised in his Daubert challenges. Defendants argue the Court's ruling was correct and the facts of the crash are important to determining how and why the grip came off the handlebar.

This motion will be denied. The Court will not reconsider its prior rulings on whether this is an enhanced injury case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Suzuki Manufacturing of America Corporation and Suzuki Motor Corporation's Motion in Limine to Exclude Evidence of Other Unrelated Accidents, Claims and Lawsuits [ECF No. 163] is **GRANTED**, **in part**, and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Evidence of Suzuki ATV Beyond the 2013 Model Year at Issue [ECF No. 164] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Evidence of Change to the 3M-4799 Glue after the Manufacture of the Subject ATV [ECF No. 165] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Evidence of Absence of Any Claims History with the Use of 3M-4799 [ECF No. 166] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Rule 42(B) Motion to Bifurcate Punitive Damages [ECF No. 167] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Mention

of Punitive Damages Claim in Opening Statement [ECF No. 168] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Evidence that Defendants Should Have Conducted a Recall [ECF No. 169] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Reference to Discovery Issues, Disputes Hearings, or Orders [ECF No. 170] is **held in abeyance**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Evidence of Medical Expense Charges Other than Actual Costs [ECF No. 171] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Preclude Argument or Comment Regarding the Absence of Corporate Representative at Trial [ECF No. 172] is **GRANTED**, **in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Preclude Reference to Future Lost Medical Expenses or to Claims of Lost Past Earnings, Lost Wages, or Lost Future Earnings Capacity [ECF No. 173] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Any Reference to Defendant's Size, Wealth or Financial Condition [ECF No. 174] is **GRANTED**, **in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Any Reference that Tends to Promote Japanese Bias [ECF No. 175] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Inflammatory and Graphic Photographs [ECF No. 177] is **held in abeyance**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Preclude Plaintiff and His Lay Witnesses from Offering Expert Medical Opinions [ECF No. 178] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Reference

to Liability Insurance [ECF No. 179] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff C.C.'s Omnibus Motions in Limine [ECF No. 180] is **GRANTED, in part,** and **DENIED, in part**.

Dated this 20th Day of September, 2018.

_E. Richard Webber_

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE